**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LUIS CARLOS PARRA ALAMIA,

    Petitioner,

v().                                           CASE NO: 8:06-cv-2322-T-30EAJ
                                               Crim No: 8:04-cr-475-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § § §2255 (CV Dkt. #1) and Respondent's Response in Opposition (CV Dkt. #10) thereto. The motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.

### Background

On September 26, 2004, Petitioner, Luis Parra Alamia (hereinafter referred to as "Petitioner" or "Alamia"), was arrested aboard a vessel 15 nautical miles outside of the Columbian fishing zone. He faced the following counts: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine pursuant to 46 U.S.C.A. §§ 1903(a), (g), (j) and 21 U.S.C.A. § 960(b)(1)(B)(ii), and (2) possession with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the

United States in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 21 U.S.C.A. §§ 1903(a), (g). (CR Dkt. #52).

Petitioner is now an inmate in the federal penal system proceeding pro se. On March 10, 2005, the Court sentenced Petitioner pursuant to a plea agreement, dropping Count One in exchange for a guilty plea to Count Two. (CR Dkt. #144, at 2). Petitioner received 135 months imprisonment followed by five years of supervised release. Id. at 1. Petitioner then appealed his case to the 11th Circuit Court of Appeals. On December 21, 2005, the Court of Appeals granted a motion dismissing Alamia's appeal. (CR Dkt. #271, at 1). On December 18, 2006, Petitioner timely filed this § §2255 motion asserting the following three grounds for relief (CV Dkt. # 1, at 6):

1. Petitioner made his plea of guilt involuntarily and without understanding of the nature of the charge.

2. Petitioner had ineffective assistance of counsel because counsel ignored his requests to negotiate a downward sentence adjustment and misled Petitioner regarding the meaning of his appeal waiver.

3. Petitioner received an illegal sentence because the U.S. government had no jurisdiction over Petitioner's vessel.

## **Standard of Review**

Title 28 U.S.C. § § §2255 provides that a federal prisoner's sentence may be reviewed by this Court for four reasons: (1) that the sentence violated the Constitution or laws of the United States; (2) that the court had no jurisdiction to impose the sentence; (3) that the sentence exceeded the maximum allowed by law; or (4) that the sentence is otherwise subject to collateral attack. Case law establishes that only constitutional or jurisdictional claims, and

claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See U.S. v. Addonizo, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424 (1962); Richards v. U.S., 837 F.2d 965, 966 (11th Cir. 1988).

## Discussion

### Knowing and Voluntary Plea

First, Petitioner claims that his guilty plea is invalid because it was obtained involuntarily and without understanding the gravity or consequences of the plea agreement. (CV Dkt. #1, at 6). Alamia speaks poor English. He claims that because his Spanish interpreter did not clearly convey the legal complexities of the plea, he lacked the free will and understanding necessary to enter into a binding plea agreement. Id.

The terms, waivers, and facts within a guilty plea are valid only if made knowingly and voluntarily. U.S. v. Bushert, 997 F.2d 1343 (11th Cir. 1993). The court may use its discretion to either accept, reject, or defer the defendant's plea agreement. Fed. R. Crim. P. 11(3)(a). Close adherence to Fed. R. Crim. P. 11 requirements creates a legally binding plea by ensuring that the defendant appreciates the gravity and consequences of his plea. Additionally, a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained. Wilson v. U.S., 962 F.2d 996, 997 (11th Cir. 1992). The sworn statements of a defendant made during a plea colloquy are presumed to be true and accurate. U.S. v. Gonzalez-Mercado, 808 F.2d 796, 800 (11th Cir. 1997).

The record and proceedings of this case directly contradict Petitioner's claim that he entered his guilty plea involuntarily or unknowingly. Before signing his plea agreement, an interpreter read the entire plea agreement to Petitioner in Spanish.

> The Court: Was it [the plea agreement] read to you in Spanish in its entirety before you signed it?
>
> The Petitioner: Yes.

(CR Dkt. #266, at 9, ln. 5-8).

During his guilty plea hearing, Petitioner said under oath, in open court that he understood the charges, penalties, appeal waivers, and factual basis of the charges against him. Petitioner said that he made the plea without coercion or threat and that Counsel answered all of his questions. (CR Dkt. #266, at 7, ln. 19; at 10, ln. 1).

The record indicates that the court closely followed the Fed. R. Crim. P. 11 standards before accepting Petitioner's plea. Petitioner Alamia stated under oath that he understood the plea agreement and signed it voluntarily. The Court asked the following questions at Petitioner's change of plea hearing:

> The Court: Did you do so [sign] voluntarily?
>
> The Petitioner: Yes.
>
> The Court: Do you feel you understand all of the terms of the plea agreement and the consequences generally of entering a plea in this case?
>
> The Petitioner: Yes.

(CR Dkt. #266, at 8 ln.16; at 9, ln. 23-25).

A defendant, like Alamia, who knowingly and voluntarily pleads guilty in open court will not be later heard to contend that he swore falsely. U. S. v. Stitzer, 785 F.2d 150, 1514 n.4 (11th Cir. 1986). Petitioner's conclusory assertion that he made his plea involuntarily and without knowledge lacks merit.

### Ineffective Assistance of Counsel

Next, Petitioner seeks to vacate the sentence with an ineffective assistance of counsel claim. Petitioner first claims his lawyer disregarded a request to ask opposing Counsel to include a stipulation for a downward two level adjustment in his sentencing guideline calculation. Additionally, Petitioner asserts that his counsel led him to believe that he would be allowed to appeal a denial of a minor role adjustment at sentencing, regardless of his appeal waiver.

The benchmark for judging any claim of ineffective counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process as to produce an unjust trial. Strickland v. Washington, 466 U.S. 668, 686 (1984). Specifically, an ineffective assistance of counsel claim must meet both prongs of the test put forth in Strickland. First, counsel's work must fall below an objective standard of reasonable professional performance. Id. at 694. Next, the defendant must show that he was prejudiced by counsel's deficient performance. Id.

Petitioner's first claim on the downward adjustment issue fails the prejudice prong of the Strickland test. Petitioner has not shown that the prosecutor would have agreed to a request for the downward sentencing adjustment. Next, even if Petitioner could prove that

the Government would have agreed to such a stipulation, there is no guarantee that the court would have accepted it. According to Fed. R. Crim. P. 11, the court uses its own discretion to determine the factors to be used in calculating a guideline sentence. In fact, Petitioner's counsel, Daniel Hernandez, did ask the Court to grant the minor role reduction but the Court declined because of the quantity of drugs involved. A lawyer is not ineffective because a judge rules against his argument. Because Petitioner has not shown that the deficiency of his counsel prejudiced his case, his claim fails the Strickland test.

Furthermore, at his change of plea proceedings on December 1, 2004, Alamia made sworn statements that cast doubt on his ineffective assistance of counsel claim. Alamia had the chance to raise any issues regarding deficiencies of counsel when asked the following questions at the change of plea proceedings:

| | |
|---|---|
| The Court: | Are you satisfied with the legal representation you have received? |
| The Petitioner: | Yes. |
| The Court: | Have you asked your lawyer to do anything that [he] has not done? |
| The Petitioner: | Everything is fine. |
| The Court: | Do you have any questions, concerns or problems at all about your legal representation? |
| The Petitioner: | No. |

(CR Dkt. #266, at 7, ln. 9-25; at 9, ln.10-13).

Petitioner's second issue within his ineffective assistance of counsel claim fails the prejudice prong of the Strickland test. Petitioner asserts that his counsel told him he could appeal his sentence, regardless of the terms of his plea agreement, if the Court denied the minor role adjustment. Even if this assertion were true, the Magistrate at the change of plea hearing made it clear that promises outside of the plea agreement would not be honored and that he could not appeal his sentence in that situation.

> The Court: By signing this plea agreement containing this appeal waiver, you will be giving up your right to take your case to a higher court except in three very limited circumstances. First, if the Government were to file an appeal of your sentence, you will be free to file a cross-appeal except even then you could not challenge the constitutionality of the guideline sentence. Two, if the Court were to impose a sentence that exceeded the statutory maximum . . . , you could appeal your sentence claiming it to be excessive to that extent.
>
> And third, if the Court were to impose some sort of illegal sentence, . . . you could file an appeal of that the sentence claiming it to be illegal. But only in those limited circumstances could you file an appeal. Do you understand that?
>
> The Petitioner: Yes.
>
> The Court: Has anyone made any promise to you that is not in this plea agreement that you're relying upon in entering a plea in this case?
>
> The Petitioner: No.

(CV Dkt. #266, at 24 ln.1; at 25, ln. 18).

The Court clarified that an issue concerning the calculation of the guideline sentence could not be appealed unless the sentence exceeded the statutory maximum. Petitioner acknowledged that he understood that. Even if his counsel had told him something to the contrary he knew prior to pleading guilty that he could not appeal that issue. He was not prejudiced.

Petitioner's ineffective counsel claims are without merit.

## Jurisdiction

Lastly, Petitioner claims that his sentence is illegal because the U.S. had no jurisdiction over the vessel on which Petitioner was arrested.

Title 46 of U.S.C.A. § 1903(a) states that it is unlawful for any person on board a vessel subject to the jurisdiction of the U.S. to knowingly or intentionally distribute, or possess with intent to distribute, a controlled substance. Under 46 U.S.C.A. § 1903 (c)(1) "a vessel subject to the jurisdiction of the U. S." includes those "vessel[s] registered to a foreign nation whose flag nation has consented or waived objection to the enforcement of United States law by the United States." The flag nation may give its consent over the radio or similar electronic means. 46 U.S.C.A. § 1903(c)(2). Therefore, if the flag nation consents, the U.S. may claim jurisdiction over a vessel regardless of the vessel's geographic location or foreign registry.

Petitioner, in his plea agreement, admitted facts which place the charge squarely within the contours of 46 U.S.C.A. § 1903 (c)(1)(C) thereby establishing the vessel as one subject to the jurisdiction of the United States. The admitted facts are:

>On or about September 25, 2004, Petitioner, along with seven other co-conspirator crew members, were traveling in the Eastern Pacific on the fishing vessel Cielo Azul. The crew of the Cielo Azul had departed the coast of Columbia carrying a cargo of over 245 bales of cocaine. They were spotted approximately 400 nautical miles from the nearest land mass, Ecuador. The Cielo Azul was flying under a Columbian flag and had markings of registration on it. The Columbian Government was contacted to verify registration. The Columbian Government granted authority to board and search the Cielo Azul.
>
>A search of a hidden compartment on the Cielo Azul revealed 245 bales of a substance that tested positive for cocaine. The 245 bales weighed 12,152 pounds. Petitioner's presence on the vessel was part of an unlawful agreement with others to possess with intent to distribute five (5) or more kilograms of cocaine. The Cielo Azul was seized with approximately 5,512 kilograms of cocaine on board and the Petitioner and his co-conspirators were taken into custody by the Coast Guard with the Middle District of Florida being the place at which the Petitioner entered the United States.

(CV Dkt. #54, at 16).

At his change of plea hearing, the judge explained how these facts gave jurisdiction to this Court. Petitioner attended the hearing with two co-defendants, Pablo Hurtado and Jose Aguirre. All three faced identical charges arising from their activity aboard the Cielo Azul. While Petitioner himself asked the Court no questions, the Court did entertain a question from co-defendant Hurtado which specifically addressed the issue of U.S. jurisdiction over the vessel.

| | |
|---|---|
| Co-Defendant Hurtado: | Well, the question I have is that the waters [in] which we were found . . . belong to the United States? |
| The Court: | If you will look at the factual statement in the plea agreement, the Government's allegation here is that the Columbian Government verified, was |

>> contacted to verify the registration of your vessel but granted authority to the United States to board the vessel in this case. . . . Under the law, the question is not a question of who owns the ocean in which the vessel is sailing but who controls the vessel itself.

(CR Dkt. #266, at 11, ln. 25; at 13, ln. 5).

Petitioner affirmed that the entire plea agreement had been read to him in Spanish. (CR Dkt. #266, at 9, ln. 5-8). The Court told Petitioner that by entering a guilty plea he was adopting the factual statements within the plea agreement. (CR Dkt. #266, at 32, ln. 13-24). The judge also reminded Petitioner that he would be held to his plea and could not later argue against U.S. jurisdiction unless he decided to withdraw his plea and go to trial. (CR Dkt. #266, at 13, ln. 15-23). The Court then read the statement of facts from the plea agreement.

| | |
|---|---|
| The Court: | Have you heard the facts as they have been stated? |
| The Petitioner: | Yes. |
| The Court: | Are these facts true? |
| The Petitioner: | Yes. |
| The Court: | Do you have any dispute at all [with] the facts as stated? |
| The Petitioner: | No. |
| The Court: | Do you agree that with these facts the government would be able to establish the elements of the offense which I read to you from Page Two of the plea agreement? |
| The Petitioner: | Yes. |
| The Court: | To this point, do you have any questions at all about the consequences of pleading guilty? |

| | |
|---|---|
| The Petitioner: | No. |
| The Court: | Do you understand that this is a final decision and, once you make it, it is virtually impossible for you to take it back? |
| The Petitioner: | Yes. |

(CR Dkt. #266, at 34, ln. 23; at 37, ln. 22).

Further, in preparation for the sentencing hearing, a United States Probation officer prepared and submitted a presentence report outlining the charges against Petitioner, his prior history, sentence recommendations, and the facts underlying the charges. The Defendant reviewed the report and at the sentencing hearing, had no objection to its factual accuracy. When a defendant does not object to the facts contained in the presentence report, he admits those facts. Shelton v. U.S., 400 F.3d 1325, 1330 (11th Cir. 2005). Again, these admitted facts place jurisdiction with this Court.

Petitioner's claim challenging the jurisdiction of the U.S. is therefore without merit.

## **CONCLUSION**

Since this Court has determined that none of Petitioner's grounds have merit, the petition will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § § §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment for Respondent and against Petitioner.

3. The Clerk is further directed to terminate any pending motions and close this file.

4. The Clerk is also directed to terminate the Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CR Dkt. #291) filed in the underlying criminal case number 8:04-CR-475-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-2322.deny 2255.frm*